**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ERIC J. MITMAN, <br><br> Plaintiff, <br><br> v. <br><br> HON. MICHAEL J. BLEE, *et al.*, <br><br> Defendants. | Case No. 26–cv–07550–ESK–SAK <br><br><br> OPINION AND ORDER |

**THIS MATTER** having come before the Court on plaintiff's complaint (Complaint) against defendants: (1) Hon. Michael J. Blee, in his official capacity as acting administrative director of the Court of New Jersey; (2) Colleen P. Lore, in her official capacity as trial court administrator of for Camden Vicinage; (3) Marie C. Hanley, in her official capacity as clerk of the appellate division of the Superior Court of New Jersey; (4) Heather Joy Baker, in her official capacity as Clerk of the Supreme Court of New Jersey; (5) Tracy Mitman; and (6) Alice I. Cupaiuolo, Esq. (ECF No. 1 (Compl.)); and plaintiff having filed an emergency motion for temporary restraining order and order to show cause (TRO Motion) (ECF No. 2); and the Court having dismissed plaintiff's prior actions against Tracy Mitman and Alice I. Cupaiuolo (Private Defendants) for lack of subject matter jurisdiction, *Mitman v. Mitman*, No. 25–13820, 2025 WL 2146603 (D.N.J. July 29, 2025), *Mitman v. Mitman*, No. 25–14067, 2025 WL 2533538 (D.N.J. Sept. 3, 2025), *Mitman v. Mitman*, No. 26–05663, 2026 WL 1399328 (D.N.J. May 19, 2026); and the Court finding,

1.      A court has an obligation to assure itself of jurisdiction at all stages of a litigation.  *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that "federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*").   Thus, a court has the authority to *sua sponte* dismiss a case over which it lacks subject-matter jurisdiction at any time.   Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

2.      Federal claims lack subject-matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions …, or otherwise completely devoid of merit as not to involve a federal controversy."   *Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).   Claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous" should be dismissed. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).   In other words, courts can dismiss claims for lack of subject-matter jurisdiction when the complaint is "completely devoid of merit" or "wholly insubstantial and frivolous."   *Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. § 1983 for lack of subject-matter jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

3.    This action arises from state court proceedings involving plaintiff's divorce from Tracy Mitman.   (*See generally* Compl.)   Plaintiff explains that he is "not ask[ing] this Court to decide divorce merits, custody merits, parenting-time allocation, support, equitable distribution, title ownership, sale merits, proceeds allocation, or any domestic-relations merits issue."   (*Id.* ¶ 3.)   He is also not "request[ing] for appellate correction of a state domestic-relations decision."   (*Id.* ¶ 209.)   Instead, he seeks "prospective process [relief] … from the continuing failure of the state process, across trial and review channels, to identify the lawful foundation for ongoing operational deprivations."   (*Id.*)   The five-count Complaint asserts claims for procedural due process violations, meaningful engagement failure, denial of meaningful access to adjudication and review, ongoing reliance on state-process operationalization without reviewable foundation, operational use of state-derived authority by private defendants, and declaratory relief.   (*Id.* ¶¶ 233–269.)

4.    To succeed on a 42 U.S.C. § 1983 procedural due process claim, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right."   *Durham v. New Jersey Dept. of Corrections*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025).   Here, no defendant is a state actor.   The Private Defendants are private individuals named "only as operational-use/ joint-action defendants and factual actors showing how disputed state-deprived authority was transmitted, represented, invoked, and used in the world."   (Compl. ¶ 10.)   *See Wolf v. New Jersey*, No. 19–16979, 2023 WL 2367991, at *10 (D.N.J. Mar. 6, 2023), *aff'd*, No. 23–1635, 2024 WL 5154023 (3d Cir. Dec. 18, 2024).   Since the remaining defendants are State Court employees sued in their official capacities (Official Capacity Defendants) (*see* Compl. ¶¶ 24–27), the claims against them are "considered an action against the State itself, not one against a 'person.'"   *Frances v. Ciarrocca*, No. 24–00736, 2024 WL 4785017, at *7 (D.N.J. Nov. 14, 2024) (quoting *Kentucky v.*

*Graham*, 473 U.S. 159, 165 (1985)); *Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 F. App'x 146, 149 (3d Cir. 2013); *Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012) ("[C]laims against the defendants in their official capacities, which are in essence claims against the [State], are barred by Eleventh Amendment immunity."). "The Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) Congress has not abrogated the state's sovereign immunity and New Jersey has not consented to suit or waived its immunity. Thus, the Official Capacity Defendants are protected by sovereign immunity.

5.   To the extent plaintiff is seeking monetary damages, the Official Capacity Defendants are also protected by judicial immunity. *See Frances*, 2024 WL 4785017 at *6. Judges and "[e]mployees of the court may … be absolutely immune from suit … for their actions in aid of the court." *Id.* A party will not be deprived of judicial immunity just because an action was taken "in error, was done maliciously, or was done in excess of … authority." *Id.* (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). Unless an action was taken in an individual capacity or in the absence of jurisdiction, "[e]rroneous, controversial, and even unfair decisions do not divest a judge of immunity." *Id.* (alteration in original) (quoting *Trinh v. Fineman*, 9 F.4th 235, 238 (3d Cir. 2021)). Plaintiff's claims against the Official Capacity Defendants relate *inter alia* to the state court's alleged failure to provide meaningful written adjudication of issues, to notify plaintiff of rulings and hearings, and to impermissibly consider certain information. (*See generally* Compl.) Although the Official Capacity Defendants were not responsible for adjudicating the issues resolved in state court, assuming plaintiff seeks to hold them accountable for their alleged administrative failures, they are protected by judicial immunity.

6.   Since I am without subject matter jurisdiction over plaintiff's procedural due process claim, I need not discuss its merits. *Gould Elecs. Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000). As to plaintiff's declaratory relief claim, "courts in this circuit routinely dismiss stand-alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *ASAH v. N.J. Dep't of Educ.*, No. 16–03935, 2017 WL 2829648, at * 12 (D.N.J. June 20, 2017). I will do the same.

7.   To the extent plaintiff's denial of meaningful access and ongoing reliance claims are state law claims, I decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. §1367(c)(3). "A federal court may

decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *McCarthy v. Equinox Holdings, Inc.,* No. 14–00037, 2015 WL 540218, at *4 (D.N.J. Feb. 9, 2015). None of these considerations warrant exercising jurisdiction over the remaining claims.

Accordingly,

**IT IS** on this   **26th** day of **June 2026**   **ORDERED** that:

1.    Plaintiff's claims under 42 U.S.C. § 1983 for procedural due process and for declaratory relief are dismissed with prejudice.  The remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

2.    Plaintiff may reinstate any state-law claims in the appropriate state court within 30 days of entry of this order unless state law provides for a longer tolling period.  *See* 28 U.S.C. § 1367(d).

3.    The TRO Motion (ECF No. 2) is denied as moot.

4.    The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*　　　　
　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**